Citation Nr: AXXXXXXXX
Decision Date: 10/29/21 Archive Date: 10/29/21

DOCKET NO. 200518-84523
DATE: October 29, 2021

ORDER

The claim of entitlement to service connection for a back condition is granted.

The claim of entitlement to service connection for a left ankle condition is denied.

The claim of entitlement to service connection for a right ankle condition, status post-surgery residuals, is granted.

REMANDED

The claim of entitlement to service connection for hypertension is remanded.

FINDINGS OF FACT

1. The Veteran's back condition began during active service.

2. The preponderance of the evidence is against finding the existence of a current left ankle disability at any time during or approximate to the pendency of the claim, and the evidence is further against a finding that an in-service injury occurred.

3. The Veteran's right ankle condition, status post-surgery residuals, is related to his in-service right ankle injury.

CONCLUSIONS OF LAW

1. The criteria for service connection for a back condition are met. 38 U.S.C. §§ 1110, 1131, 5107; 38 C.F.R. §§ 3.102, 3.303.

2. The criteria for service connection for a left ankle condition are not met. 38 U.S.C. §§ 1110, 1131, 5107; 38 C.F.R. §§ 3.102, 3.303.

3. The criteria for service connection for a right ankle condition, status post-surgery residuals, are met. 38 U.S.C. §§ 1110, 1131, 5107; 38 C.F.R. §§ 3.102, 3.303.

REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

The Veteran had honorable active duty service in the United States Marine Corps from June 1985 to June 1991. He received the Southwest Asia Service Medal with one star, among other commendations. 

These matters come before the Board of Veterans' Appeals (Board) from an October 2019 decision of the Department of Veterans Affairs (VA) Regional Office (RO). This constitutes an initial decision; therefore, the modernized review system, also known as the Appeals Modernization Act (AMA), applies.

In August 2019, the Veteran submitted a VA Form 20-0996, Decision Review Request: Higher-Level Review (HLR), and requested review of the August 2019 rating decision. In October 2019, the agency of original jurisdiction (AOJ) issued the HLR decision on appeal, which considered the evidence of record at the time of the prior August 2019 decision. Therefore, the Board may only consider the evidence of record at the time of the August 2019 decision and any evidence submitted during an applicable evidentiary window.

In the May 2020 VA Form 10182, Decision Review Request: Board Appeal, the Veteran elected the Direct Review docket. Therefore, the Board may only consider the evidence of record at the time of the agency of original jurisdiction (AOJ) decision on appeal. 38 C.F.R. § 20.301.

Service Connection

Service connection may be granted for disability resulting from disease or injury incurred in or aggravated by active service. 38 U.S.C. §§ 1110, 1131, 5107; 38 C.F.R. § 3.303. The three-element test for service connection requires evidence of: (1) a current disability; (2) in-service incurrence or aggravation of a disease or injury; and (3) a causal relationship between the current disability and the in-service disease or injury. Shedden v. Principi, 381 F.3d 1163, 1166 -67 (Fed. Cir. 2004).

VA shall consider all information and lay and medical evidence of record in a case and make appropriate determinations as to competence, credibility, and weight. 38 U.S.C. § 5107; Washington v. Nicholson, 19 Vet. App. 362, 368 (2005); 38 C.F.R. § 3.303. Lay evidence is competent if it is provided by a person who has knowledge of facts or circumstances and conveys matters that can be observed and described by a lay person. 38 C.F.R. § 3.159. Competent lay evidence also means any evidence not requiring that the proponent have specialized education, training, or experience. Lay evidence, if competent and credible, may serve to establish a nexus in certain circumstances. See Davidson v. Shinseki, 581 F.3d 1313 (2009) (noting that lay evidence is not incompetent merely for lack of contemporaneous medical evidence).

When there is an approximate balance of positive and negative evidence regarding any issue material to the determination of a matter, VA shall resolve reasonable doubt in favor of the claimant. 38 U.S.C. § 5107; Gilbert v. Derwinski, 1 Vet. App. 49 (1990); 38 C.F.R. § 3.102. When the preponderance of the evidence weighs against the claims of the Veteran, the claim will be denied on its merits, and when the preponderance of the evidence weighs for the claims of the Veteran, the claim will be granted on its merits. In those cases, the benefit of the doubt doctrine is inapplicable. 38 U.S.C. § 5107; Gilbert v. Derwinski, 1 Vet. App. at 54.

1. The claim of entitlement to service connection for a back condition.

The Veteran contends that he has a back condition related to his active service.

After resolving reasonable doubt in favor of the Veteran, the Board concludes that the Veteran has a current back disability that is related to his active service. 38 U.S.C. §§ 1110, 1131, 5107(b); Holton v. Shinseki, 557 F.3d 1363, 1366 (Fed. Cir. 2009); 38 C.F.R. § 3.303(a).

At the outset, the Board notes that the AOJ made broad favorable findings related to each element of the Veteran's back claim, which are binding on the Board absent clear and unmistakable error in the finding. 38 C.F.R. § 3.104(c). First, the AOJ favorably found the existence of a current back disability in that the July 2019 VA examination diagnosed lumbosacral strain. As such, the first element of service connection is met.

Further, the AOJ found that the Veteran's Service Treatment Records (STRs) revealed treatment for low back pain and strain on several occasions between June 1989 and August 1990. Having reviewed the STRs, the Board confirms the multiple dates on which the Veteran sought medical treatment for complaints of low back pain. An August 1990 treatment record specifically refers to the Veteran's complaint of chronic low back pain for one year, noting that the Veteran experienced pain on palpation and pain during range of motion testing on that occasion. On that date, he was assessed with chronic low back pain, rule out muscle strain, and assigned light duty. Given the AOJ's favorable finding, supported by these credible and contemporaneous in-service treatment records, the second element of service connection is met.

Finally, the AOJ favorably found that a "nexus, or link, has been established between [the Veteran's] claimed issue and an in-service event or injury," referring to the above in-service complaints and diagnosed current back condition. While this finding is not specific, the Board finds it not clearly erroneous as there is adequate support for the finding in the evidence of record. Namely, the Veteran has competently and credibly reported ongoing symptoms of low back pain since his active service, and the Veteran reports that his back pain has become progressively worse since service. See July 2019 VA examination. 

Further, there is no probative evidence to rebut this favorable finding. While the Board acknowledges that the July 2019 VA examiner opined that it was less likely than not that the Veteran's back condition was caused by his service, the Board finds this opinion not probative. The examiner opined, without explanation, that the Veteran's back condition was "acute only" during service, citing evidence of only two (of at least seven) instances of in-service medical treatment for back complaints. A medical opinion based upon an inaccurate factual premise is not probative. Reonal v. Brown, 5 Vet. App. 458, 461 (1993). The examiner also relied on a lack of "medical evidence" in the decade following the Veteran's discharge to conclude that there was no "chronicity of care" and no nexus of the current condition to the complaints recorded during service. The Board finds this, too, unpersuasive as applied to this appeal, as the Court of Appeals for Veterans Claims has held that, regardless of context, "symptoms, not treatment, are the essence of any evidence of continuity of symptomatology." Savage v. Gober, 10 Vet. App. 488, 496 (U.S. 1997).

Accordingly, the Board finds that the evidence is at least in equipoise as to whether the Veteran's back condition began during and is etiologically related to his active service. As such, the claim of entitlement to service connection for a back condition is granted.

The Board makes one final note to acknowledge the contentions first raised by the Veteran's representative in a February 2021 Appellate Brief, that the Veteran's back condition has also caused symptoms of radiculopathy in his lower extremities. Radiculopathy of the lower extremities has not been claimed, was not adjudicated by the AOJ in the rating decision on appeal and is not on appeal before the Board. As such, although the July 2019 VA examination identified evidence of radicular symptoms, consideration of these symptoms may be most properly addressed by the AOJ in assigning a rating for the Veteran's back condition.

2. The claim of entitlement to service connection for a left ankle condition.

The Veteran contends that he has a left ankle condition related to active service.

The AOJ made no favorable findings in regard to the claimed left ankle condition.

The Board concludes that the Veteran does not have a current left ankle disability and has not had one at any time during the pendency of the claim or recent to the filing of the claim. Saunders v. Wilkie, 886 F.3d 1356 (Fed. Cir. 2018); Romanowsky v. Shinseki, 26 Vet. App. 289, 294 (2013); McClain v. Nicholson, 21 Vet. App. 319, 321 (2007). Further, there is no evidence that the Veteran suffered an in-service left ankle injury.

The Veteran received an in-person VA examination in July 2019 regarding ankle conditions. During this evaluation, the VA examiner determined that the Veteran had no left ankle condition. The Veteran's range of motion was normal, he had no evidence of pain with weight bearing, and no functional loss after repetitive use testing. The Veteran denied having flare ups of a left ankle condition and had no reduction in muscle strength. There was no objective evidence of pain on passive range of motion or when the joint was used in non-weight bearing. There was no objective evidence of localized tenderness or pain on palpation of the joint or associated soft tissue of the left ankle. There was no evidence to the examiner of a surgical scar or history of surgery for a left ankle condition. The examiner noted that the Veteran did "not have a left ankle complaint." 

Further, while the Veteran submitted a private opinion by Dr. K.V., this opinion makes only vague mention of "ankle injuries" during service and does not identify to which ankle the opinion applies, or whether it was meant to apply to both ankles. Given the history of right ankle treatment, MRI, and surgery, the totality of the evidence tends to suggest that this opinion relates to the right ankle; however, even if the opinion applies to both ankles, the opinion is too vague and speculative to establish the existence of a left ankle condition or to provide a link to the Veteran's service. Consequently, the Board gives more probative weight to the July 2019 VA examiner's findings.

Finally, based on the Veteran's own lay statements of record, it appears that the only ankle condition he experiences pertains to the right ankle. The Board has considered whether there is sufficient evidence to find the existence of functional impairment due to pain pursuant to Saunders, 886 F.3d 1356. As outlined above, the Veteran does not describe pain or functional impairment in his left ankle.

Accordingly, the Board concludes that the preponderance of the competent, credible, and probative evidence weighs against finding that the Veteran has a current left ankle disability and further weighs against finding that the Veteran experienced an in-service injury to his left ankle. As such, the claim of entitlement to service connection for a left ankle condition is denied.

3. The claim of entitlement to service connection for a right ankle condition, status post-surgery residuals.

The Veteran contends entitlement to service connection for a right ankle condition.

After resolving reasonable doubt in favor of the Veteran, the Board concludes that the Veteran has a current right ankle disability that is related to his active service. 38 U.S.C. §§ 1110, 1131, 5107(b); Holton v. Shinseki, 557 F.3d 1363, 1366 (Fed. Cir. 2009); 38 C.F.R. § 3.303(a).

At the outset, the Board notes that the AOJ again made several favorable findings related to the Veteran's right ankle. Specifically, the AOJ found that the Veteran had a current disability in that the July 2019 VA examination diagnosed the Veteran as having status post right ankle surgery with residuals. The Board notes the Veteran's residuals include, but are not limited to, pain and swelling of his right ankle. As such, the first element of service connection has been met.

Next, the AOJ favorably found that the Veteran had an in-service injury to his right ankle as his STRs "reflect treatment for right ankle sprain on March 29, 1988." The Board notes that these STRs reflect that the Veteran's ankle sprain caused swelling, decreased range of motion, and tenderness to his right ankle. As such, the second element of service connection has been met.

Lastly, the AOJ favorably found that a "nexus, or link, has been established between [the] claimed issue and an in-service event or injury." The Board again notes that it is bound by favorable findings made by the AOJ absent clear and unmistakable error. The Board again finds adequate support for this finding in the evidence of record. Specifically, the Veteran competently and credibly reported to the July 2019 VA examiner that ever since his ankle sprain in service, he found himself more vulnerable to twisting his ankle. He reported seeking post service treatment from his physician due to ongoing right ankle pain, and ultimately undergoing surgery to repair torn ligaments. The Veteran's treating physician submitted an opinion letter, which generally confirms this history. Although the July 2019 VA examiner concluded that the Veteran's in-service condition was "acute only" and that there was "no evidence of chronicity of care" following service, this is not an adequate basis to deny the Veteran's claim as there is evidence that the Veteran did seek ongoing treatment for right ankle symptoms for many years after service.

In sum, and resolving all reasonable doubt in his favor, the Board concludes that the Veteran's right ankle condition is related to his in-service injury. As such, service connection is warranted for a right ankle condition (residuals, status post-surgery).

REASONS FOR REMAND

1. The claim of entitlement to service connection for hypertension is remanded.

The Veteran contends that his hypertension began during active service.

The issue of entitlement to service connection for hypertension is remanded to correct a duty to assist error that occurred prior to the August 2019 rating decision on appeal. The AOJ did not obtain a VA examination prior to the rating decision on appeal regarding whether the Veteran's hypertension was caused by his service. However, based on the evidence associated with the claims file prior to the rating decision, the Board finds that a VA examination is required. Specifically, the Veterans STRs contain multiple instances of elevated blood pressure readings and one instance when he was required to return for additional blood pressure testing due to elevated numbers. See April 1990 STR. Additionally, there is evidence that the Veteran has a current hypertension condition. See June 2018 medical treatment record.

The matter is REMANDED for the following action:

1. Schedule the Veteran for a VA examination to assess the nature and etiology of his hypertension. 

After a thorough review of the lay and medical evidence of record, including of the Veteran's elevated blood pressure readings during active service, the examiner should opine whether it is at least as likely as not (50 percent or greater probability) that the Veteran's hypertension had its onset during active service, is related to an incident of service, or began within one year after discharge from active service.

 

 

B. MULLINS

Veterans Law Judge

Board of Veterans' Appeals

Attorney for the Board C. Hart, Associate Counsel

The Board's decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.